IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.     Case No. 24-10117-3-JWB

ANNA PETERSBURG,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on the government's appeal of the magistrate judge's order of release, and its motion for detention. (Doc. 42.) The court held a hearing on November 7, 2024. For the reasons stated herein, the government's motion for detention (Doc. 42) is GRANTED and the magistrate judge's order of release (Doc. 40) is REVOKED.

**I.    Facts**

On October 29, 2024, a grand jury returned a superseding indictment against Defendant that charged her with one count of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2). (Doc. 29.) The parties agreed to proceed by proffer at the hearing. The government proffered facts relating to the alleged offenses as follows.

Defendant, Anna Petersburg, was working for a daycare center called Tutor Time when she met Angel Martin. In this role, Defendant had daily access and interaction with children and was a mandatory reporter for her position. Defendant and Martin began a relationship, even though Defendant knew that Martin was wearing an ankle monitor and facing state charges for sexually assaulting a minor child.

1

In May 2024, Defendant used her Airbnb account to rent a cabin for herself and Mr. Martin. At this cabin, Mr. Martin sexually assaulted a minor along with his ex-girlfriend Shari Joyann Streit. Although Defendant knew that Ms. Streit and the minor victim were going to the cabin to see Mr. Martin, she denies having any knowledge of this assault on the minor. This assault was recorded and, according to the government, would satisfy the definition of Child Pornography, as defined in 18 U.S.C. § 2256(8).

In August 2024, Martin expressed his interest in child pornography to Defendant. Rather than end the relationship or report this disclosure to officials supervising Martin in his state criminal case, she assured him that she still loved him. When Mr. Martin asked Defendant if she wanted to view an image, she said yes. He then sent her a video file approximately 9 seconds in length which showed a prepubescent nude child in the shower who was forced to perform oral copulation on an adult male's penis. Her response to this video was, "Show me more." After this, Mr. Martin and Defendant exchanged numerous messages describing various sexual acts with each other and with children, along with Martin sending Defendant several videos of pre-pubescent children engaging in penetrative sex acts.

Over the next few days, Martin and Defendant exchanged more messages about child pornography, including messages which implied that they watched child pornography material together as Defendant scrolled through videos on an electronic device. An additional incident occurred when Defendant sent Mr. Martin a picture of herself driving the bus that she used to pick up children from school and return them to Tutor Time. Mr. Martin declared that he would "paint the fucking inside walls of the bus" with his "jizz," and "everyone's face would be covered." Defendant's response to Mr. Martin's declarations was, "Oh really? I would definitely get fired for sure!!! Lol."

On August 27, 2024, Mr. Martin sent Defendant a message saying, "Your [sic] going down just like shari is." This apparent threat prompted Defendant to call the police to report that Mr. Martin was abusing her and requesting a wellness check on Mr. Martin. When officers came to interview her, Defendant consented to the officers looking at messages on her phone between Mr. Martin and herself. Based on the wellness check, Mr. Martin was transported to the Sedgwick County Child Advocacy Center ('CAC') located in Wichita, Kansas, so that investigators could inquire about Martin's involvement in possessing child pornography. At this interview, he admitted to possessing and producing child pornography. Investigators then obtained warrants to search Mr. Martin's phone and both Mr. Martin and Defendant's snapchat accounts, showing many of the messages referenced above.

Based on the superseding indictment in this case, Defendant was arrested on October 30, 2024. That same day, Defendant was detained upon the government's motion at her initial appearance. (Doc. 32.) On November 4, 2024, Defendant appeared for arraignment and the government moved for detention pending trial. The magistrate judge ordered that Defendant be released pending trial under various conditions. The government now seeks revocation of the order of release and an order that Defendant be detained pending trial.

**II.     Standard**

Pursuant to 18 U.S.C. § 3145(a)(1), the government may seek review of a magistrate judge's order of release. The district court's review of a magistrate judge's order of release is de novo. *United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). A de novo evidentiary hearing, however, is not required. The district court may either "start from scratch and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted." *United States v. Collier*, No. 12-20021-09, 2012 WL 4463435,

at *1 (D. Kan. Sept. 27, 2012) (citing *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)). The Federal Rules of Evidence do not apply to detention hearings. *See* 18 U.S.C. § 3142(f). The court may allow the parties to present information by proffer or it may insist on direct testimony. *See id*.

Under the Bail Reform Act of 1984, the court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the court must take into account the available information concerning:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, [or] a violation of section 1591...;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including-
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Authority to request detention in this matter arises from several subsections of the Bail Reform Act. Detention is authorized pursuant to 18 U.S.C. § 3142(f)(1)(A), as receipt of child pornography is a crime of violence as that term is defined in § 3156(a)(4)(C) which specifically lists offenses under Chapter 110. Detention would otherwise be authorized pursuant to 18 U.S.C.

4

§ 3142(f)(1)(E) as the offense involves minor victims. Moreover, there is a presumption of detention that applies in this matter pursuant to 18 U.S.C. § 3142(e)(3)(E). "A grand jury indictment provides the probable cause required by the statute to trigger the presumption." *United States v. Walters*, 89 F. Supp. 2d 1217, 1220 (D. Kan. 2000) (citing *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990)).

The burden of production on Defendant to overcome the presumption is not a heavy one, but Defendant must produce some evidence. *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991). Even if Defendant overcomes the presumption, the presumption remains a factor in the court's detention decision. *Id*. The burden of proof remains with the government to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002) (burden of persuasion regarding risk of flight and danger to community always remains with government). The government must prove dangerousness to any other person or the community by clear and convincing evidence. *Id*. at 1252

**III.   Analysis**

**A. Nature and Circumstances of the Offense**

In reviewing this factor, the court is to consider the nature and circumstances of the offense charged, including whether it is a crime of violence. The offense charged here constitutes a crime of violence since it involves the receipt of child pornography, a felony under chapter 110 of Title 18. *See* 18 U.S.C. § 3156(a)(4). The communications between Mr. Martin and Defendant as proffered here show that Defendant willingly accepted child pornography and quickly moved to incorporate it into her sexual relationship with Mr. Martin. Such conduct involves minor victims who are the subject of the child pornography. Furthermore, Defendant commenced and pursued

an intimate relationship with a man facing criminal charges for sexually assaulting a child, and for which he was on bond in the state proceeding, even in the face of his ongoing interest, possession, and consumption of child pornography. Indeed, she willingly indulged in viewing child pornography with him, even though she worked with children and was a mandatory reporter regarding suspected abuse of children. This callous disregard to the plight of the children depicted in those videos indicates that Defendant's release would pose a high degree of danger to others in the community. Thus, this factor weighs in favor of detention.

### B. Weight of the Evidence

The government's proffer indicates the weight of the evidence as to Defendant's involvement in child pornography is strong. Notably, Defendant did not dispute the facts about what transpired in her communications and relationship with Mr. Martin. It is true that Defendant is entitled to a presumption of innocence; however, the evidence as proffered shows a callous disregard for human life and is deeply concerning. Although Defendant contends that she was coerced into Mr. Martin's fantasies and eventually chose to reach out to law enforcement at her own peril, the timing of Defendant's actions does not suggest she was concerned about the well-being of children. Rather, she only came forward when she was at risk for being exposed or uncovered. After review of the proffered evidence, the court finds that this factor weighs in favor of detention.

### C. History and Characteristics of Defendant

Defendant has lived with her father in Goddard, Kansas for the last eighteen years. Defendant additionally has support from her family and does not have a significant criminal history. She does not have a passport with which to flee the country. Although Defendant is not employed and can no longer use her educational background and degree, Defendant's ties to the

area and community support weigh in her favor on this factor and a finding that she is not a flight risk. Moreover, she voluntarily came forward with information about Mr. Martin and for hearings in this matter. As a result, Defendant's history and characteristics weigh in favor of release.

### D. Danger to the Community

The court is required to order the pretrial release of a person subject to conditions unless the court determines that such release will endanger the safety of any other person or the community. *See* 18 U.S.C. § 3142(b). "The concern about safety is to be given a broader construction than the mere danger of physical violence. Safety to the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *United States v. Kroeker*, No. 22-3092, 2022 WL 2610344, at *4 (10th Cir. July 8, 2022) (quoting *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989)).

Taken as a whole, the court finds that the available information concerning the § 3142 factors shows by clear and convincing evidence that Defendant's release would pose a danger to the community. Defendant is charged with receipt of child pornography, and while she attempts to argue that she was in an abusive relationship, Defendant does not dispute that she received and viewed child pornography on various occasions. Defendant's alleged criminal conduct in this case indicates that she is a danger to the community. Defendant met Mr. Martin and still chose to engage in a sexual relationship with him, even with knowledge of his pending criminal charges for sexually assaulting a minor. She additionally chose to continue this relationship even after he exposed his illegal desires, going so far as to incorporate child pornography into the relationship and assuring Mr. Martin of her love, which evinces a reckless and callous disregard for minor sexual victims. The court finds that there are no conditions or combination of conditions that would reasonably assure the safety of the community if Defendant were released.

## IV.    Conclusion

The government has carried its burden of proving by clear and convincing evidence that there is no combination of conditions that would reasonably assure the safety of others and the community if Defendant were released pending trial.  The magistrate judge's order of release (Doc. 40) is accordingly REVOKED and the government's motion for detention (Doc. 42) is GRANTED.

Defendant Anna Petersburg is hereby committed to the custody of the Attorney General, pending trial, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private consultation with counsel and, upon an order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is held shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.  Dated this 20th day of November 2024.

       __ s/ John W. Broomes_____
       JOHN W. BROOMES
       UNITED STATES DISTRICT JUDGE